## THOMAS YOUNG v. JOHN B. KING.

Where Y's land had been levied upon and sold by a Tax Collector for non-pay-ment of a school district tax, and Y. brought ejectment against the purchaser, alleging and offering to show that prior to the levy and sale he had paid his tax to the Treasurer of the district: *Held*, That evidence to this effect was inadmissible; that the Tax Collector is the only officer au-thorised to collect a tax assessed by a town or a school district; and that the levy and sale was valid.

THE facts of this case are fully stated in the opinion of the Court.

*Thurston* for plaintiff contended that prior to a levy or sale for a tax, there must be a demand and a refusal to pay; and that to whom a tax is paid is unimportant if the tax is in fact paid into the treasury of the town or district. School Act, sec. 35, 36, (P. L. 830–1.) Act regulating as-sessing and collecting of taxes, sec. 10, (Dig. 1844, p. 427–8.)

*T. A. Jenckes* for defendant contended that no per-son or officer other than the Tax Collector, has power to receive and receipt for a tax; that the statutes give neither to the collector nor the tax payer, any discretion

in this regard; and that a collector is liable upon his bond, if he fails to collect and make return. Act in relation to the election and duties of public officers, sec. 19, (Dig. 1844, p. 304.)

Bosworth, J.—This is an action of ejectment, in which the plaintiff seeks to recover of the defendant a certain tract of land in Scituate. The defendant pleads the general issue, in which the plaintiff joins. The defendant also pleads soil and freehold in himself and claims to hold the premises in dispute by virtue of a deed from Sterry B. Wilbour, a legally appointed tax collector for the district, (school district No. 7 in said Scituate) in which the land is situated. The deed recites in substance, that a tax had been assessed and levied on the ratable property in said district, and a tax bill with a warrant was, in due form of law, delivered to the said tax collector, by which he was directed to collect the tax and pay it over to the district treasurer or his successor in office : And that the said Thomas Young, neglecting to pay the tax assessed against him as expressed in said tax bill, the warrant was levied on the land by the collector, and, in the form prescribed by law, was sold at public auction, and the deed thereof duly executed to the defendant in this case.

The agreement of the parties admits the legality of the assessment of the tax, and the authority of the collector to sell the land in the manner in which it was sold, *in default of the proper payment of the tax.*

At the trial before the jury, two receipts were offered as evidence of the payment of the tax, which receipts were expressed to be for the amount of the tax in full, and were signed by John B. King, *Treasurer* of school

district No. 7. This evidence being ruled inadmissible by the judge, at the trial, a verdict was taken by consent of the parties for the defendant, subject to the opinion of the Court upon this evidence, as to whether the payment of the amount assessed against the plaintiff to the treasurer was a payment of the tax.

It is by law made the duty of the district collector to collect the tax and pay it over to the treasurer or his successor in office. To him is delivered the tax bill and warrant for that purpose. He gives bond for the proper performance of that duty if a bond is required, and is entitled to the commission provided by law for his services in collecting the tax. He must collect the tax and pay it over to the treasurer within the time specified in his warrant. If he fails to do this he may be sued or prosecuted for his default. The treasurer has no authority to collect the tax; but only to receive it of the collector when collected, and disburse it according to law. He does not have the tax bill for the purpose; and payment to him is no more a legal payment than it would be if made to any other officer of the district, who is not authorized by law to collect the tax. We therefore think that the receipts offered in evidence, being the receipts of a person not authorized to collect the tax, or receive it from the person assessed, are no evidence that the tax had been paid before this land was sold. The plaintiff neglected to pay the tax to the only officer authorized to collect it, when payment was by that officer demanded, and in default of the payment, his land has been sold according to law. Judgment must therefore be rendered upon the verdict.